

**Signed and Filed: August 04, 2009**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| GEORGE QUINN CHEN, | ) No. 03-32157DM |
| Debtor. | ) Chapter 7 |
| E. LYNN SCHOENMANN, as Trustee of the Chapter 7 Estate of George Quinn Chen, Debtor, | ) Adversary Proceeding ) No. 07-3108DM |
| Plaintiff, | ) |
| v. | ) |
| GEORGE QUINN CHEN, an individual CYNTHIA WONG, an individual, SHANGHAI 1930 LLC, a California limited liability company, and SHANGHAI 1930 RESTAURANT PARTNERS, L.P., a California limited partnership, | ) |
| Defendants. | ) |

**MEMORANDUM DECISION ON MOTION TO RECONSIDER**

**I. BACKGROUND[1]**

On January 1, 2002, debtor, George Quinn Chen ("Chen") and Cynthia Wong ("Wong"), husband and wife, executed a document purporting to transfer 51% of Chen's 100% interest in Shanghai

---

[1] This Memorandum Decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

-1-

1930, LLC ("the LLC") to Wong, which they believed effectuated a transmutation of Chen's separate property to Wong's separate property under Cal. Fam. Code § 852. Shanghai 1930 is a restaurant Chen founded in 1997. The restaurant is owned by Shanghai 1930 Restaurant Partners, L.P. The LLC is the general partner of the L.P., and it owns approximately 70% of the partnership. The transfer of Chen's 51% ownership interest in the LLC to Wong was in exchange for her agreement to manage the day-to-day operations of the restaurant. She has successfully managed the restaurant since that time.

Chen filed a chapter 13 bankruptcy[2] on July 25, 2003, which was later converted to chapter 11 then to chapter 7. In 2007, the chapter 7 trustee ("Trustee") sought to sell the estate's interest in the LLC. She contended that the estate held 100% of the ownership interest in the LLC pursuant to section 541(a). Wong objected, contending that she owned 51% of the LLC.

On November 14, 2007, the court approved the sale of the estate's interest in the LLC to Wong, leaving open the question of what percentage of the LLC belonged to the estate. Wong paid the estate $75,000, plus she agreed to pay an additional $300,000 if it was later determined that the estate owned 100% of the LLC shares. If the estate owned anything less than a 100% interest, then Wong owed nothing more. The Trustee holds a deposit from Wong for $150,000 to be credited against the $300,000 contingent

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23.

Case: 07-03108   Doc# 79   Filed: 08/04/09   Entered: 08/05/09 14:37:17   Page 2 of 8

consideration, if owed.

The Trustee's first cause of action in this adversary proceeding sought to declare that the estate owned a 100% interest in the LLC on the sale date. On August 26, 2008, Defendants filed their Motion for Summary Judgment on Plaintiff's First Cause of Action, contending that Wong owned a 51% interest on that date as her separate property. Accordingly, Defendants argued, Wong owed nothing beyond the $75,000 to the Trustee for the shares. The Trustee filed her Opposition and Cross-Motion for Partial Summary Judgment on this issue on September 12, 2008.

The court determined that the transfer document executed on January 1, 2002, by Chen and Wong failed to comply with the transmutation requirements of Cal. Fam. Code § 852 and thus it only effectuated a transfer of Chen's 100% separate property interest in the LLC to the community property of the marital estate. As a result, on November 14, 2008, the court denied Defendants' motion and granted the Trustee's cross-motion, determining that the estate owned 100% of the LLC shares at the time of sale and thus Wong had to tender the agreed payment to the Trustee.

Pursuant to Rule 9024 and Fed. R. Civ. P. 60(b)(1), Defendants, with new counsel, filed a Motion to Reconsider Order Granting Cross-Motion for Summary Judgment on this issue on April 20, 2009. Defendants believed that their previous counsel overlooked an important provision of California family law that would have given the court a separate and independent ground on which to render summary judgment in their favor. They argued that even though their transmutation effort failed on January 1, 2002,

Wong's services at the restaurant, which she contends are her separate property, increased the value of Chen's separate property, the LLC shares. Thus she is entitled to a reimbursement right under Cal. Fam. Code § 2640(c) in the form of LLC shares. Accordingly, Defendants contend that the Trustee is not entitled to any additional consideration for Wong's purchase of the estate's interest in the LLC since Wong had obtained an equitable interest in at least some portion of the LLC shares by the time of the sale in November 2007. The Trustee filed her opposition to Defendants' motion on May 15, 2009.

At the May 27 hearing on Defendants' motion, counsel for Defendants cited cases and raised new arguments not presented in their brief. In light of this, the court allowed the Trustee to file a supplemental response to address the new cases and arguments raised by Defendants. The Trustee filed her response on June 15, 2009, and the matter was deemed submitted.

As explained below, leaving aside the Fed. R. Civ. P. 60(b)(1) procedural issues raised by the Trustee, the court rejects Defendants' arguments and therefore denies their motion.

## II. DISCUSSION

In support of their claim of Wong's reimbursement right, Defendants rely on Cal. Fam. Code § 2640(c) which provides in relevant part:

> § 2640. Contribution to the acquisition of property of the community property estate; waivers; amount of reimbursement
>
> . . . .
>
> (c) A party shall be reimbursed for the party's separate property contributions to the acquisition of property of the other spouse's separate property estate during the marriage, unless there has been a transmutation in writing . . . or a written waiver of the right to reimbursement.

-4-

Cal. Fam. Code § 2640(c) became effective on January 1, 2005. Prior to the enactment of subsection (c), a reimbursement right under § 2640 applied only in cases where one spouse used his or her separate property to acquire community property. Although § 2640 appears to apply only in cases of "acquisition," it has been interpreted to include a reimbursement right to a spouse who contributed his or her separate property to "improve" community property. See In re Marriage of Cross, 94 Cal. App. 4th 1143 (2001). Presumably, even with the addition of subsection (c), this interpretation has not changed.

Therefore, as of January 1, 2005, upon dissolution a spouse can obtain a reimbursement right if he or she contributed his or her separate property, generally in monetary form, to acquire or improve the other spouse's separate property. Defendants concede that subsection (c), which gives rise to Wong's potential claim, did not exist until 2005.

Generally, legislative enactments are presumed to operate prospectively and not retroactively, unless the legislature intends otherwise. McCoy v. Bank of Am. (In re McCoy), 111 B.R. 276, 281 (9th Cir. BAP 1990)(citing In re Marriage of Bouquet, 16 Cal. 3d. 583, 587 (1976)). Nothing in the legislative history regarding subsection (c) suggests that it be applied retroactively, and, in fact, retroactively applying § 2640 would result in an unconstitutional deprivation of the other spouse's property rights; to apply it deprives the owner-spouse of due process. Walrath v. Walrath (In re Marriage of Walrath), 17 Cal. 4th 907, 915 (1998). Therefore, Wong's reimbursement right of an

Case: 07-03108   Doc# 79   Filed: 08/04/09   Entered: 08/05/09 14:37:17   Page 5 of 8

interest in the LLC shares, if any, could have only began accruing after January 1, 2005. The sale occurred in November 2007. In the typical dissolution case, Wong's reimbursement right claim, if any, would constitute only the equitable interest she accrued in the LLC shares from January 1, 2005 to November 14, 2007.

However, even if subsection (c) applies to that relevant time period, the Defendants have another problem to overcome. They contend that Wong's services to the restaurant are her separate property, which gives rise to her reimbursement right. That argument must fail, as long established California law holds that a spouse's effort, time and skill provided during the marriage are community assets. Worth v. Worth (In re Marriage of Worth), 195 Cal. App. 3d 768, 773 (1987). Further, even if Wong's services constituted her separate property, the Defendants offer no authority to support their position that services which improve the other spouse's separate property, as opposed to expenditures or contributions of funds, can entitle the non-owner spouse to a reimbursement right under Cal. Fam. Code § 2640(c).[3]

Even presuming Defendants are correct in their legal theories regarding Wong's services, and that subsection (c) could apply to the equitable interest she accrued in the LLC shares from January

---

[3] Defendants cited two cases to support their argument that a spouse's contribution of separate property services to the improvement of the other spouse's property can form the basis of a Cal. Fam. Code § 2640(c) reimbursement right - Nicolson v. Saprks (In re Marriage of Nicolson), 104 Cal. App. 4th 289, 296 (2002), and Cross v. Cross (In re Marriage of Cross), 94 Cal. App. 4th 1143 (2001). Neither of these cases support their position. First, both cases were decided before subsection (c) was enacted, which provides the basis for Wong's claim. Second, neither of the cases discuss "services" but contemplate only the contribution of funds that improved community, not separate, property.

Case: 07-03108    Doc# 79    Filed: 08/04/09    Entered: 08/05/09 14:37:17    Page 6 of 8

1, 2005 to November 14, 2007, the issue of bankruptcy in this case defeats their claim entirely.

The characterization of property as separate or community as of the date of the petition, so as to be included or excluded from property of the estate, is determined under applicable state law. McCoy, 111 B.R. 276, 279 (9th Cir. BAP 1990)(citing 4 Collier on Bankruptcy ¶ 541.15 (15th ed. 1988)). However, once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate. In re N.S. Garrott & Sons, 772 F.2d 462, 466 (8th Cir. 1985); 11 U.S.C. § 541. Furthermore, when a debtor files bankruptcy, an automatic stay immediately arises pursuant to section 362(a). It effects an immediate freeze of the status quo by precluding and nullifying most postpetition actions against the debtor in nonbankruptcy fora, judicial or nonjudicial, as well as most extrajudicial acts against the debtor, or affecting property in which the debtor, or the debtor's estate, has a legal, equitable or possessory interest. I.C.C. v. Holmes Transp., Inc. 931 F.2d 984, 987 (1st Cir. 1991); Hillis Motors Inc. v. Haw. Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993).

Here, there was no division of the marital estate property or an effective transmutation under state law prior to Chen's bankruptcy. Therefore, as of the petition date, July 25, 2003, Chen held a 100% ownership interest in the LLC as his separate property, and thus it was property of Chen's estate under section 541. As property of the estate, absent an agreement with the Trustee or order from this court, the automatic stay of section

Case: 07-03108    Doc# 79    Filed: 08/04/09    Entered: 08/05/09 14:37:17    Page 7 of 8

362(a) effected an immediate freeze of the status quo, this preventing any of Chen's 100% interest in the LLC shares from being transmuted into Wong's separate property. Therefore, as a matter of law, Wong has no reimbursement right of the LLC shares under Cal. Fam. Code § 2640(c).

Yet another problem with Defendants' position is the fact that what Wong's efforts improved was the restaurant, which is owned by Shanghai 1930 Restaurant Partners, L.P. Therefore, because of this "double-entity" issue, the court is not persuaded that Wong's efforts that benefitted the limited partnership would entitle her to a reimbursement right of shares of the LLC. Defendants did not cite, and the court could not locate, any California case that supports their position on this issue.

Finally, all cases cited by the Defendants involved the division of property upon dissolution. Since there was no dissolution here, the court finds no basis to conclude that Cal. Fam. Code § 2640(c) is even applicable to the facts of this case.

### III. CONCLUSION

For the reasons stated above, the court denies Defendants motion to reconsider. The Trustee's second and third causes of action have been taken under submission, and a memorandum decision will soon be issued disposing of those actions. A final judgment on this motion and the remaining causes of action is to follow.

* * * END OF MEMORANDUM DECISION * * *