Signed and Filed: June 8, 2015



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>GEORGE QUINN CHEN,<br><br>                    Debtor.<br>_____ | Bankruptcy Case<br>No. 03-32157DM<br><br>Chapter 7 |
| E. LYNN SCHOENMANN, as Trustee of the Chapter 7 Estate of George Quinn Chen, Debtor,<br><br>                    Plaintiff,<br><br>v.<br><br>GEORGE QUINN CHEN, an individual, et al.,<br><br>                    Defendants.<br>_____ | Adversary Proceeding<br>No. 07-3108DM |

MEMORANDUM DECISION ON MOTION TO VACATE ORDER
REVOKING DEBTOR'S DISCHARGE

I. INTRODUCTION

    This adversary proceeding was commenced on September 24, 2007. Plaintiff, E. Lynn Schoenmann, the Chapter 7 Trustee ("Trustee"), sought in the second claim for relief money damages against debtor George Quinn Chen ("Debtor") and in the third claim for relief she sought to revoke Debtor's discharge.

    Trial was held on June 1 and 2, 2009. The court issued a

Memorandum Decision following trial on November 10, 2009, and on December 22, 2009, entered a judgment against Debtor (the "Judgment"). On the second claim for relief Debtor was found liable to Trustee in the sum of $767,850.83. On the third claim for relief, his discharge was revoked.

Debtor appealed the Judgment to the United States District Court, which affirmed on September 20, 2010. He appealed to the United States Court of Appeals for the Ninth Circuit, which affirmed on December 13, 2011.

In the years that have followed since entry of the Judgment, the Trustee has been unsuccessful in pursuing Debtor to collect any amount, including initiation of proceedings to collect in China that so far have produced no results.

On April 22, 2015, Trustee filed an Application For Compromise of Controversy with Debtor. After a noticed hearing, and with no objections, the court on May 23, 2015, entered its Order Approving Trustee's Compromise of Controversy with Debtor. Pursuant to the compromise, Debtor paid Trustee $175,000 in full satisfaction of his monetary liability under the Judgment.[1]

In the negotiations leading to the compromise of the monetary obligations under the Judgment, Debtor asked that as a condition to that compromise that the court vacate the order revoking his discharge. Trustee refused to condition the settlement on a vacation of the discharge but agreed to file the present motion

---

[1] In the current motion the Trustee has not calculated the accrual of post-judgment interest to inform the court as the total amount owing on the Judgment. For these purposes the court will simply use the principal amount of $767,850.83, which has now been settled for a payment of $175,000.

-2-

for an order vacating the revocation of Debtor's discharge.

It is that motion that the court now addresses. For the reasons that follow, the motion to vacate the order revoking Debtor's discharge will be denied.

II. DISCUSSION

The Bankruptcy Code is silent on when and if a denial or revocation of a discharge may be vacated. Trustee has premised her motion on Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60. More specifically, the likely provisions of Fed. R. Civ. P. 60 to support the motion would be subparagraphs (b)(5) and (b)(6). Those two subparagraphs provide that the court may relieve a party from a final judgment, order or proceeding for various reasons, including:

> (5) The judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) Any other reason justifying relief.

While it is true that the court's approval of the compromise means that Debtor's liability under the Judgment has been released, the court does not believe that is an appropriate source of authority to vacate the prior revocation of Debtor's discharge. The portion of the Judgment that has been released or discharged is the monetary liability. Other than paying the $175,000, Debtor has done nothing relevant to the revocation of his discharge.

The other alternatives under subparagraph (b)(5) are not on point. There is no earlier judgment that has been reversed or vacated, and applying the revocation of Debtor's discharge prospectively remains equitable because it is precisely what the

-3-

Bankruptcy Code contemplates when a Debtor loses the benefit of a discharge in bankruptcy. The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor. <u>Grogan v. Garner</u>, 498 U.S. 279, 286, 287 (1981). Conversely a debtor who has violated provisions of section 727 of the Bankruptcy Code must suffer the consequence of a denial or revocation of his discharge. Debtor's conduct has taken him outside of the protected class of debtors entitled to the fresh start.

Subparagraph (b)(6) of Fed. R. Civ. P. 60, namely "any other reason justifying relief" is also of no help.

To begin with the motion here was made by the Trustee and not the Debtor. The Trustee relies on evidence that the court accepts as accurate from the Trustee's point of view, namely that creditors have not pursued Debtor since the revocation of his discharge, and he does not presently have any ability to satisfy the unpaid portion of the Judgment or other nondischarged claims of creditors as well. But what is lacking is a statement under oath from the Debtor himself to the same effect. While it is true that the pre-existing creditors whose claims originated pre-petition, at least twelve years ago, perhaps have no basis or inclination to pursue Debtor, there is no competent evidence that that is so. Further, there is no evidence that Debtor himself may not have the ability to satisfy any pre-petition claims of creditors in the future.

The only authority the Trustee offers to support her motion is an unreported decision from the bankruptcy court in Kansas, <u>In re Oxley</u>, 2007 WL 2590166 (Bankr. Kan. 2007). That case is quite

-4-

distinguishable in that it involves less than four thousand dollars that were in debtors' bank accounts that they did not turn over to the trustee.  The trustee sued to recover that amount from the debtors and to revoke their discharge.  The debtors suffered a default and then, just two months later, moved to set aside the default in the trustee's adversary proceeding.  By the time of that motion they had accumulated the full amount of money the trustee sought and the court was satisfied that because the debtors had fulfilled their monetary obligation, perhaps subparagraph (b)(5) of Fed. R. Civ. P. 60 was satisfied.  In the alternative the court felt that subparagraph (b)(6) was appropriate authority to grant the requested relief.

Oxley is not sufficient support to grant the extraordinary relief the Trustee requests.  Years have passed and hundreds of thousands of dollars of the Judgment will never be recovered.  No other authority has been cited by the Trustee or located by the court.

The court is persuaded that the reasoning in Kleven v. Mrozinski (In re Mrozinski), 489 B.R. 818 (Bankr. N.D. Ind. 2013) should apply here.  The court there dealt with a motion by a debtor to set aside a default wherein that debtor's discharge had been revoked.  Much like this case, the court rejected the notion that Fed. R. Civ. P. 60(b)(5) was available because a money judgment had been satisfied.  Rather, it pointed out that the satisfaction of the monetary obligation did not deal with the issue of whether a judgment revoking a discharge can ever be satisfied.  The court cited In re Jacobs, 2008 WL 4369273 *3 (Bankr. D. Kan. 2008) for the proposition that a judgment revoking

-5-

a debtor's discharge can never be satisfied.

Turning to the policy behind the obligations of debtors to return property to the estate and cooperate with the trustee in order to have the benefits of the discharge, the court stated:

> Fulfilling those obligations should not be like pulling teeth and a trustee should not be required to hound the debtor into doing so. Yet, to grant the debtor's motion would encourage just that sort of reluctant behavior. It would encourage debtors to, in effect, play chicken when it comes to responding to the trustee's demands and to adopt a pattern of obdurate behavior which would test the trustee's seriousness in making them. To grant the debtor's motion because he has now done something he should have done months ago would encourage others to ignore the trustee's letters or informal requests, motions seeking turnover, the orders granting them, and adversary proceedings based upon those orders without much danger of jeopardy. After things had been pushed to the limit and the discharge denied or revoked, a debtor would need to do little more than come forward with belated compliance in hopes that what had been denied would be restored. Such a ruling would undermine the deterrent effect of § 727 is supposed to have and do nothing to improve the efficiency of the administration of bankruptcy estates.

489 B.R. at 823.

The court uses the same reasoning here to reject the Trustee's request on the Debtor's behalf under subparagraph (b)(6). That rule requires a showing of "exceptional circumstances". See, Helm v. Resolution Trust Co., 84 F.3d 74 (7th Cir. 1996). Neither the Trustee nor the Debtor has shown the court any exceptional circumstances that suggest that the Debtor can delay recovery on a substantial judgment for several years and then claim empty pockets to restore a discharge properly revoked in 2009.

For the foregoing reasons, the Motion To Vacate Order Revoking Debtor's Discharge is DENIED. The court is issuing an

order to that effect concurrently with this Memorandum Decision.

**END OF MEMORANDUM DECISION**

-7-